864 F.2d 150
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
COPACABANA NIGHTCLUB, INC., Appellant,
v.
SOM INDUSTRIA E. COMERCIO, S.A., Appellee.
 No. 88-1408.
 United States Court of Appeals, Federal Circuit.
 Nov. 25, 1988.
 
 Before FRIEDMAN, EDWARD S. SMITH and ARCHER, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Trademark Trial and Appeal Board (Board), dismissing the opposition of the appellant Copacabana Nightclub, Inc. (Copacabana) to the registration of the trademark COPACABANA for phonograph records, is affirmed.
 
 OPINION
 
 2
 * Copacabana operates a restaurant and cabaret on the New York City site of the former famous nightclub of the same name. The former nightclub was founded in 1940 and closed in 1973. The present establishment reopened its doors in 1976 under new ownership. Copacabana registered the trademark COPACABANA for restaurant and cabaret services in 1982.
 
 
 3
 The appellee Som Industria E Comercio (Som) is a Brazilian manufacturer and producer of phonograph records. One of its record labels is "Copacabana." Som claims that it has made and sold records under this label since at least 1949. Since 1968, it has sold such records in the United States, primarily to the Portuguese-speaking community. Although Som previously had registered the mark COPACABANA for phonograph records, the mark was cancelled for failure to file an affidavit of continuing use pursuant to 15 U.S.C. Sec. 1058(a) (1982).
 
 
 4
 In 1979, Som applied to register COPACABANA for phonograph records. The appellant Copacabana opposed the registration on the ground that it has used the mark for cabaret, restaurant, and discotheque services and that Som's "mark as used on phonograph records is so similar to opposer's mark used for its recited services as to cause confusion, mistake or deception."
 
 
 5
 The Board dismissed the opposition. It ruled that because there was not "clear and convincing evidence that opposer is the successor-in-interest to the famous COPACABANA nightclub, we cannot conclude that the mark, as used in connection with opposer's services, is entitled to be characterized as a famous mark affording it a broad scope of protection." The Board held that it was not "likely that the public would be confused as to source if they were to encounter the mark COPACABANA used on phonograph records and at another time see COPACABANA used for restaurant services." It stated:
 
 
 6
 While applicant [sic--opposer] may be in the entertainment business, that is, providing dining, dancing and live acts for its customers, applicant is in the business of producing and selling records. It is common knowledge that entertainers appear in theaters, nightclubs, arenas and parks and that many of them also preserve their talents on phonograph records and tapes. But, it does not necessarily follow that there is a connection or an association between the record companies and the various places where the entertainers perform. Nor has opposer submitted any evidence from which we might fairly conclude that purchasers of records and consumers of restaurant and nightclub services would likely perceive such a nexus between the two.
 
 
 7
 Although recognizing that "evidence of actual confusion is difficult to obtain and that opposer is under no obligation to produce such evidence in order to prove likelihood of confusion," the Board stated that the fact that the "applicant has been selling phonograph records in the eastern part of the United States and even in New York City for fifteen years or more with no apparent confusion's [sic] having occurred ... certainly suggests that it isn't likely to occur."
 
 II
 
 8
 The sole question on appeal is whether the Board erred in concluding that the use of the mark COPACABANA on Som's phonograph records would not create a likelihood of confusion in the minds of the purchasers of those records that the Copacabana Nightclub and Cabaret in New York was the source of those records.
 
 
 9
 The evidence on this issue was in conflict. The marks were identical, and the COPACABANA mark for the restaurant and cabaret is well known. On the other hand, there is no evidence that the purchasers of Som's phonograph records are the same group of customers who patronize the Copacabana Restaurant and Cabaret. "[E]ach case [of likelihood of confusion] must be decided on its own facts." Application of E.I. DuPont DeNemours & Co., 476 F.2d 1357, 1361 (CCPA 1973). We cannot say that, considering all the facts in the record, the Board erred in concluding that there was no likelihood of confusion between the use of the mark COPACABANA on Som's phonograph records and by the Copacabana Nightclub and Cabaret.